ININ THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00225-REB

UNITED STATES OF AMERICA,
         Plaintiff,

v.

HASSAN McGLOTTEN,
         Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Hassan McGlotten, by and through his counsel, hereby moves this Court for an Order excluding sixty days from the Speedy Trial Act computations, and setting motions filing deadlines and trial dates accordingly. The government does not oppose this Motion. In support thereof, Mr. McGlotten states as follows:

## PROCEDURAL HISTORY

1. On July 13, 2022, Mr. McGlotten was indicted on a single count alleging that he possessed a firearm on or about June 2, 2022, in violation of 18 U.S.C. § 922(g)(1) (Felon in Possession). *See* ECF No. 1.

2. On or about August 17, 2022, Mr. McGlotten was arrested in the District of Kansas and, pursuant to Rule 5 of the Federal Rules of Criminal Procedure, made an initial appearance in a Rule 5(c)(3) proceeding in that district. *See* ECF No. 6.

3. On September 29, 2022, Mr. McGlotten made his initial appearance in this case in this district before the Honorable N. Reid Neureiter. *See* ECF No. 10. Thereafter, on October 4, 2022, Judge Neureiter arraigned Mr. McGlotten who entered a plea of not

guilty to the charge alleged in the indictment.  *See* ECF No. 16.  The parties executed a discovery memorandum and argued the issue of pretrial detention.  *See* ECF Nos. 17, 18.  Ultimately, Judge Neureiter ordered that Mr. McGlotten be detained pending further proceedings in the case.  *See* ECF Nos. 9, 18.  Mr. McGlotten remains in custody at the Federal Detention Center in Englewood, Colorado.

4. The government has now provided Mr. McGlotten with an initial discovery production consisting of various police reports, criminal history documents, photographs, and body worn camera footage. Counsel has reviewed the initial discovery production and has begun to discuss it with Mr. McGlotten.  However, a number of critical tasks pertaining to the evaluation of pretrial motions issues and to trial preparation, as well as to understanding the sentencing ramifications of a conviction in this case, remain outstanding.  Counsel has consulted with the assigned Assistant United States Attorney, Kelly Churnet, and expects that there may be supplemental discovery productions made in the next several weeks—including some that could require counsel to consult with an expert.  And although counsel has begun to request relevant records and investigate this case, she needs additional time in order to complete necessary independent investigative follow up including interviewing several witnesses, as well as obtaining court documents and records that could impact the calculation of the applicable sentencing guideline range in this case.  Finally, because Mr. McGlotten has never been prosecuted in federal court before, counsel also needs additional time to discuss the case with him and to help him understand the process of a federal criminal court trial and federal sentencing.

5. Neither the government nor Mr. McGlotten have made any prior requests of the Court to exclude time under the Speedy Trial Act.

## **LAW REGARDING REQUESTS FOR CONTINUANCES**

6.      This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C.§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

7.      In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the

request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

8.      Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9.      The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial. Proceeding within the current time requirements would deny counsel for Mr. McGlotten the reasonable time necessary for effective preparation. While counsel has received and made a preliminary review of the initial discovery disclosed by the government and begun to discuss it with Mr. McGlotten, she expects to receive additional discovery productions in the upcoming weeks and will need time to discuss those materials with him. Counsel also needs to research potential suppression issues, engage in investigative follow-up, and obtain and review relevant court records in order to properly advise Mr. McGlotten as to his potential sentencing exposure in this matter.  Only after that review and investigation are complete can counsel fully analyze the case, appropriately advise Mr. McGlotten as to his options, and prepare for motions and trial.  These critical tasks cannot be completed before the upcoming deadlines and trial date.

10.     Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11.     First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has made a preliminary review of the

discovery provided thus far and has discussed it with Mr. McGlotten.  She has also begun to explain the process of a federal criminal case to him.  Because Mr. McGlotten has never previously been charged with an offense in federal court, counsel must take the time necessary to explain to him the federal criminal trial, plea, and sentencing processes, federal statutory schemes, and the federal sentencing guidelines.  Counsel has also begun to speak with the government regarding various issues in this case and has further shown diligence by making this request well before the expiration of the speedy trial clock and prior to any motions filing deadline being set.

12. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, including discovery not yet received, and evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. McGlotten about his options and any potential strategies for his defense. This 60-day continuance would allow defense counsel time to review all discovery, collect outstanding records, and complete her investigation, all of which are necessary to providing Mr. McGlotten with full and effective assistance of counsel.

13. Third, this request will not inconvenience the opposing party or its witnesses.  Undersigned counsel has consulted with Assistant U.S. Attorney Kelly Churnet who indicated that she does not oppose this motion, and there are no known issues with witness availability or scheduling.

14.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial.  Counsel has consulted with Mr. McGlotten who has no objection to the instant motion and, indeed, is in favor of his counsel taking the time necessary to represent him effectively.  The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Hassan McGlotten, through his counsel, respectfully requests this Court for an Order excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Kelly Rose Churnet, Assistant United States Attorney
    Email:  Kelly.Churnet@usdoj.gov

Laura Cramer-Babycz, Assistant United States Attorney
    Email:  laura.cramer-babycz@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Hassan McGlotten          *via U.S. mail*

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant