**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 22-cr-00225-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HASSAN McGLOTTEN,

    Defendant.

---

**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
(18 U.S.C. § 3161(h)(7)(A))**

---

**Blackburn, J.**

The matter is before me for consideration and resolution of the **Unopposed**

**Motion To Exclude 60 Days From the Requirements of the Speedy Trial Act** [#20],[1]

filed October 25, 2022, by defendant, Hassan McGlotten.  I grant the motion.

In determining a motion, which, if granted, would per force constrain the

continuance of a trial within the presumptive seventy-day limit, the Tenth Circuit has

established the following quadripartite factors:

> (1) the diligence of the party requesting the continuance; (2)
> the likelihood that the continuance, if granted, would
> accomplish the purpose underlying the party's expressed
> need for the continuance; (3) the inconvenience to the
> opposing party, its witnesses, and the court resulting from
> the continuance: [and] (4) the need asserted for the
> continuance and the harm that [defendant-movant] might
> suffer as result of the district court's denial of the continuance.

---

[1]   "[#20]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States*

*v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The fourth and final factor is "by far the

most important."  *Id.* at 1476.  I considered carefully each of these factors and treated

the fourth factor as preponderant.  I conclude that on balance they weigh in favor of a

continuance of the trial as currently set.

The motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§

3161-3174 (the "Act").  Specifically, the motion implicates 18 U.S.C. § 3161(h), which

provides, in relevant part:

> The following periods of delay shall be excluded . . . in
> computing the time within which the trial of any such offense
> must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance
> granted by any judge . . . at the request of the defendant or
> his counsel or at the request of the attorney for the
> Government, if the judge granted such continuance on the
> basis of his findings that the ends of justice served by taking
> such action outweigh the best interest of the public and the
> defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a

speedy indictment and trial, and to serve the public interest in ensuring prompt criminal

proceedings."  *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that

a criminal defendant's trial commence within 70 days after his indictment

or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v.*

*Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and

do not count toward the seventy-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically,

"the Act excludes any period of delay 'resulting from a continuance granted by any

2

judge . . . on the basis of its findings that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***,

197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance

under section 3161(h)(7)(A), certain prerequisites must be satisfied.  ***Id.*** at

441.  First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth,

"in the record of the case, either orally or in writing, [my] reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests

of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

The motion is represented as unopposed by the government. Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them here. Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested. Here, the motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the time requested in this case, including counsel's need for additional time review discovery, conduct additional investigation, obtain pertinent court documents and records, determine whether to engage an expert, and meet and confer with Mr. McGlotten. I adopt and incorporate those facts and circumstances as my findings of fact.

The seventy-day speedy trial clock commenced to run with the first appearance of Mr. McGlotten on September 29, 2022. Twenty-six days elapsed between that time and the date of this motion; thus, forty-four days remain on the speedy trial clock. The exclusion of a period of 60 days to December 24, 2022, is not unreasonable per se, and is necessary to accommodate the considerations outlined above.[2]

As always, I rely on the considerable professional experience and judgment of counsel. Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL

---

[2] Absent further extensions, trial thus would need to commence on or before February 6, 2023.

4

856577 (10th Cir. 2013); *United States v. Watson*, 766 F.3d 1219 (10th Cir. 2014);

*United States v. Margheim*, 2014 WL 5462332 (10th Cir. 2014); *Bloate v. United*

*States*, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v.*

*Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find it would be

unreasonable to expect adequate preparation by counsel for Mr. McGlotten, despite due

diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C.

§ 3161(c).  I have considered the factors which I must under 18 U.S.C. §

3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated

my ruling on congestion of the court's calendar or lack of diligent preparation by

counsel.  Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial beyond the time prescribed by 18

U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18

U.S.C. § 3161(h)(7)(B)(i);

(2) That the factors at § 3161(h)(7)(B)(ii) and (iii) are inapposite, obviating the

necessity for further judicial analysis;

(3)  That even considering due diligence, failure to grant the motion would deny

counsel for Mr. McGlotten the reasonable time necessary for effective pretrial and trial

preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4)  That within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice

served by granting the motion outweighs the best interests of the public and Mr.

McGlotten in a speedy trial as defined by 18 U.S.C. § 3161(c)(1); and

(5)  That the time from and including October 25, 2022, through and including

December 24, 2022, should be excluded from the computation of the time for speedy

trial.

       **THEREFORE, IT IS ORDERED** as follows:

       1.  That the **Unopposed Motion To Exclude 60 Days From the Requirements of the Speedy Trial Act** [#20], filed October 25, 2022, is granted; and

       2.  That initially, the time from and including October 25, 2022, through and including December 24, 2022, shall be excluded from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174.

       Dated November 1, 2022, at Denver, Colorado.

                                  **BY THE COURT:**

                                  Bob Blackburn

                                  Robert E. Blackburn
                                  United States District Judge