IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00225-REB

UNITED STATES OF AMERICA,
        Plaintiff,

v.

HASSAN McGLOTTEN,
        Defendant.

---

**SECOND UNOPPOSED MOTION TO EXCLUDE 30 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Hassan McGlotten, by and through his counsel, hereby moves this Court for an Order excluding an additional thirty days from the Speedy Trial Act computations, and setting motions filing deadlines and trial dates accordingly. The government does not oppose this Motion. In support thereof, Mr. McGlotten states as follows:

**PROCEDURAL HISTORY**

1. On July 13, 2022, Mr. McGlotten was indicted on a single count alleging that he possessed a firearm on or about June 2, 2022, in violation of 18 U.S.C. § 922 (g)(1) (Felon in Possession). *See* ECF No. 1.

2. On or about August 17, 2022, Mr. McGlotten was arrested in the District of Kansas and, pursuant to Rule 5 of the Federal Rules of Criminal Procedure, made an initial appearance in a Rule 5(c)(3) proceeding in that district. *See* ECF No. 6.

3. On September 29, 2022, Mr. McGlotten made his initial appearance in this case in this district before the Honorable N. Reid Neureiter. *See* ECF No. 10. Thereafter, on October 4, 2022, Judge Neureiter arraigned Mr. McGlotten who entered a plea of not

guilty to the charge alleged in the indictment. *See* ECF No. 16. The parties executed a discovery memorandum and argued the issue of pretrial detention. *See* ECF Nos. 17, 18. Ultimately, Judge Neureiter ordered that Mr. McGlotten be detained pending further proceedings in the case. *See* ECF Nos. 9, 18. Mr. McGlotten remains in custody at the Federal Detention Center in Englewood, Colorado.

4. On November 1, 2022, the Court granted Mr. McGlotten's first unopposed motion for a 60-day ends of justice continuance. *See* ECF No. 21. In so doing, the Court found that 44 days remained on the speedy trial clock, and found that there was adequate cases to exclude time through, and including, December 24, 2022. *Id.* Pretrial motions are currently due on or before January 6, 2023, and a telephonic status conference has been scheduled for January 25, 2023. *See* ECF No. 22.

5. An additional ten days have passed between December 24, 2022, and the filing of the instant motion.

6. While the parties have worked over the intervening months to review discovery and to prepare for trial, there are several pieces of critical information—including the results of scientific tests performed on the firearm forming the basis of the charge—that remain outstanding, and that are likely to have a significant impact on the resolution of this matter. In order to provide Mr. McGlotten with effective representation in this matter, counsel needs to receive and review this additional discoverable material with him before litigating pretrial motions. Additionally, there are several ancillary issues, including the disposition of a related state case, that also remain outstanding and that could directly impact the potential resolution of this matter. While Mr. McGlotten and the government have worked to address these issues over the past several weeks, they have

been unable to fully resolve them as of the filing of the instant motion. Counsel has conferred with the currently assigned Assistant United States Attorney, Laura Cramer-Babycz, who believes that she will be able to obtain this information relatively quickly now that the holidays have concluded. Both parties agree that the exclusion of an additional 30 days from the Speedy Trial Act would serve to facilitate a just resolution of this matter, without unduly delaying the trial in this matter.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C.§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates

3

further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

8. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

9. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

10. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial. Proceeding within the current time requirements would deny counsel for Mr. McGlotten the reasonable time necessary for effective preparation. Specifically, counsel needs to receive and review the expected new scientific evidence with Mr. McGlotten, and potentially to consult with an expert, prior to filing motions in his case.  Moreover, the parties believe that conversations about a resolution short of trial will be significantly impacted by the disposition of a related state matter which is expected to resolve shortly.  Despite the good faith efforts of the parties to address these issues, these critical tasks cannot be completed before the upcoming pretrial motions deadline.

11. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

12. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has reviewed the discovery provided thus far and has discussed it with Mr. McGlotten.  She has investigated the case, researched pretrial motions, and obtained a variety of relevant records.  She has also spoken on several occasions with the government regarding various issues in this case, including the status of the expected additional discovery disclosures, and has further shown diligence by making this request well before the expiration of the speedy trial clock and prior to the motions filing deadline.

13. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 30 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery that she has not yet received, and evaluate that additional discovery for any potential pre-trial motions issues and the need for further expert consultation or investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. McGlotten about his options and any potential strategies for his defense. This 30-day continuance would also allow defense counsel to engage in meaningful discussions with the government about resolving this case short of trial once the related state case has reached a resolution.  These tasks are necessary to providing Mr. McGlotten with full and effective assistance of counsel.

14. Third, this request will not inconvenience the opposing party or its witnesses.  Undersigned counsel has consulted with Assistant U.S. Attorney Laura

Cramer-Babycz who indicated that she does not oppose this motion.  Nor are there any known issues with witness availability or scheduling.

15. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial.  The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Hassan McGlotten, through his counsel, respectfully requests this Court for an Order excluding an additional thirty days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Laura Cramer-Babycz, Assistant United States Attorney
      Email: laura.cramer-babycz@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Hassan McGlotten      *via U.S. mail*

      s/ Stephanie Snyder
      STEPHANIE SNYDER
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO 80202
      Telephone: (303) 294-7002
      FAX: (303) 294-1192
      Stephanie_Snyder@fd.org
      Attorney for Defendant