IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 22-cr-00225-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

HASSAN McGLOTTEN,

     Defendant.

# ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
(18 U.S.C. § 3161(h)(7)(A))

**Blackburn, J.**

The matter is before me for consideration and resolution of the **Second Unopposed Motion To Exclude 30 Days From the Requirements of the Speedy Trial Act** [#25],[1] filed January 4, 2023, by defendant, Hassan McGlotten. I grant the motion.

In determining a motion, which, if granted, would per force constrain the continuance of a trial within the presumptive seventy-day limit, the Tenth Circuit has established the following quadripartite factors:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> the continuance: [and] (4) the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." **Id.** at 1476. I considered carefully each of these factors and treated the fourth factor as preponderant. I conclude that on balance they weigh in favor of a continuance of the trial as currently set.

The motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 (the "Act"). Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. **See** 18 U.S.C. § 3161(c)(1); **United States v.**

*Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the seventy-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id.* at 441.  First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

> preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

The motion is represented as unopposed by the government.  Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them here.  Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested.  Here, the motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the time requested in this case, including counsel's need for additional time receive and review the results of scientific tests on the firearm which forms the basis of the charges against Mr. McGlotten, which may inform pretrial motions, as well as await the disposition of a related state case.  I adopt and incorporate those facts and circumstances as my findings of fact.

The seventy-day speedy trial clock commenced to run with the first appearance of Mr. McGlotten on September 29, 2022.  Twenty-six days elapsed between that date and October 25, when Mr. McGlotten filed his first motion for an ends of justice continuance of sixty days.  The court granted that motion, excluding time through December 24, 2022.  Another ten days passed prior to the filing of the instant motion on January 4, 2023.  The exclusion of an additional thirty days is not unreasonable per se,

4

and is necessary to accommodate the considerations outlined above.[2]

As always, I rely on the considerable professional experience and judgment of counsel. Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **United States v. Loughrin**, 2013 WL 856577 (10th Cir. 2013); **United States v. Watson**, 766 F.3d 1219 (10th Cir. 2014); **United States v. Margheim**, 2014 WL 5462332 (10th Cir. 2014); **Bloate v. United States**, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find it would be unreasonable to expect adequate preparation by counsel for Mr. McGlotten, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

---

[2] Absent further extensions, trial thus would need to commence on or before March 9, 2023.

(2) That the factors at § 3161(h)(7)(B)(ii) and (iii) are inapposite, obviating the necessity for further judicial analysis;

(3) That even considering due diligence, failure to grant the motion would deny counsel for Mr. McGlotten the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4) That within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the motion outweighs the best interests of the public and Mr. McGlotten in a speedy trial as defined by 18 U.S.C. § 3161(c)(1); and

(5) That the time from and including January 4, 2023, through and including February 3, 2023, should be excluded from the computation of the time for speedy trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Second Unopposed Motion To Exclude 30 Days From the Requirements of the Speedy Trial Act** [#25], filed January 4, 2023, is granted; and

2. That initially, the time from and including January 4, 2023, through and including February 3, 2023, shall be excluded from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174.

Dated January 18, 2023, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge